IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIFFANY BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 21-cv-5907 |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant | ) | |

## NOTICE OF REMOVAL

NOW COMES Defendant, WALMART INC., ("WAL-MART") by and through its attorneys, James P. Balog and Victor J. Aberdeen of O'Hagan Meyer LLC, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, states as follows:

1. The movant's Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship, as established in 28 U.S.C. § 1332.

2. Both at the time of the commencement of the State Court action and at the present time, Defendant, WAL-MART, is a Delaware Corporation and its executive headquarters are located in Bentonville, Arkansas. (*See* Arkansas Secretary of State Business Information Search, attached as Exhibit A). A corporation has a single principal place of business where its executive headquarters are located. Metropolitan Life Ins. Co. v. Estate of Cammon, 929 F.2d 1220, 1223 (7th Cir. 1991). Therefore, at all pertinent times, WAL-MART is and has been a citizen of Delaware and Arkansas.

3. This matter arises out of an incident, which occurred on October 31, 2019, at the Wal-Mart located at 3320 South Cicero, in the city of Cicero, Cook County, Illinois. Plaintiff, TIFFANY BANKS, filed a Complaint in the Cook County Circuit Court, Law Division, styled TIFFANY BANKS v. WAL-MART STORES, INC., bearing Cook County, Illinois, Case No. 2021 L 009357. (Exhibit B).

4. WAL-MART first received Plaintiff's Complaint when it was served with process on September 24, 2021. (*See* Service of Process Transmittal, attached hereto and incorporated herein as Exhibit C). In response to the Complaint, WAL-MART filed its Appearance, Jury Demand, and its Requests for Admission of Facts on October 19, 2021. (*See* WAL-MART Appearance, Jury Demand, and Requests for Admission of Facts, attached hereto and incorporated herein as Exhibit D).

5. The Requests for Admission of Facts seeks Plaintiff to admit that each is, and was at the time of the incident, a citizen of Illinois and that the amount in controversy exceeds $75,000. (Exhibit D). Plaintiff responded to the Requests to Admit on October 20, 2021, admitting both that Plaintiff was a citizen of Illinois and that the value of the case exceeded $75,000. (See Plaintiff's response to WAL-MART'S Request for Admission of Facts attached hereto and incorporated herein as Exhibit E).

6. Where a case is not removable by review of the initial pleadings, WAL-MART has a statutory right to file its Notice of Removal "thirty days after receipt…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As established in this Notice, WAL-MART has properly filed its Notice of Removal within the applicable thirty-day time frame, as until October 20, 2021, WAL-MART had no notice this case exceeded the jurisdictional amount necessary to trigger removal.

7. With the first notice that the amount in controversy exceeded $75,000 occurring on or about October 20, 2021, this Notice was filed within thirty (30) days of "receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

8. As required by 28 U.S.C. § 1446(d), the movant will promptly serve upon Plaintiff's counsel, and file with the Circuit Court of Cook County, a true and correct copy of this Notice.

9. By removing this action, Defendant does not waive any defenses available to it.

10. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

11. This Notice is signed and in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, WAL-MART, prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446.

Dated: November 4, 2021

                                                Respectfully submitted,
                                                O'HAGAN MEYER LLC

By: /s/Victor J. Aberdeen
      One of the Attorneys for Defendant,
       Walmart Inc.

James P. Balog, Esq.
Victor J. Aberdeen, Esq.
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: 312-422-6100 / Fax: 312-422-6110
jbalog@ohaganmeyer.com
vaberdeen@ohaganmeyer.com