UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIFFANY BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:21-CV-05907 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| WALMART, INC., | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

On a rainy Halloween night in 2019, Tiffany Banks slipped and fell on black ice outside of a Walmart in Cicero. R. 37, DSOF ¶¶ 9, 19–20; R. 37-3, Banks Dep. at 53:4–7, 56:7–8, 56:16–18.[1] After suffering neck and backpain and enduring three months of physical therapy, Banks brought this suit in 2021.[2] R. 45, PSOF ¶ 33; Banks Dep. at 32:17–33:7, 42:3–13; R. 37-1, Compl. Banks alleged that Walmart failed to maintain the crosswalk in front of its store—or otherwise warn its customers of the danger—leading to the unnatural accumulation of ice that she slipped on. Compl. ¶¶ 5–6.

Walmart now moves for summary judgment, denying all of Banks's allegations against it, and arguing that the ice that she slipped on "was a natural accumulation,

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2]This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a) because Walmart is a Delaware corporation and its principal place of business is in Arkansas, whereas Banks is a citizen of Illinois; plus, the amount in controversy exceeds $75,000. R. 1, Notice of Removal ¶¶ 2, 5.

for which Walmart owed no duty to guard against." R. 36, Def. Mot. at 1. Even viewing the record evidence in the light most favorable to Banks, a reasonable factfinder would have no choice but to find that she slipped on a natural accumulation of ice that Walmart had no duty to guard against, and the store was not otherwise negligent in its ice or snow removal. Summary judgment is thus granted.

## I. Background

In deciding Walmart's motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Halloween 2019 was a cold, rainy day in Cicero, Illinois. DSOF ¶ 9; Banks Dep. at 53:4–7.[3] In preparation for the inclement weather, the store manager of the Cicero Walmart, Demarcus Anderson, contacted CBRE—the property-management company responsible for maintaining Walmart's parking lot—requesting for the ground surrounding the store to be pre-salted. DSOF ¶ 24; PSOF ¶ 5; R. 37-4, Anderson Dep.

---

[3]It is worth noting at the outset of the factual background that Walmart argues that Banks's declaration should be disregarded as a "self-serving affidavit." R. 50, Def. Reply at 5–6 (citing Banks Decl.). To the contrary, over a decade ago, the Seventh Circuit "long ago buried—or at least tried to bury—the misconception that uncorroborated testimony from the non-movant cannot prevent summary judgment because it is 'self-serving.' If based on personal knowledge or firsthand experience, such testimony can be evidence of disputed material facts." *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010) (cleaned up). To the extent that the statements in Banks's declaration are admissible, then, they are considered in this Opinion.

at 15:21–16:7, 17:4–7. Despite CBRE confirming that the ground was pre-salted, however, the job was not completed. PSOF ¶¶ 14–15; Anderson Dep. at 21:13–19.

The next day, Tiffany Banks and her family went to that Walmart to grocery shop. DSOF ¶¶ 13, 15; Banks Dep. at 54:5–55:1. When Banks arrived, she noticed that the parking lot was wet. DSOF ¶¶ 9–10; Banks Dep. at 53:4–14. Banks and her family shopped around the store for about 45 minutes. DSOF ¶ 15; Banks Dep. at 54:23–55:1.

When Banks left the store, she noticed again that there was ice by the front entrance and slush in the parking lot. DSOF ¶¶ 18–19; Banks Dep. 57:3–8. As Banks stepped into the crosswalk leading to Walmart's parking lot, she slipped and fell on black ice, leading to neck and back pain. DSOF ¶ 20; PSOF ¶¶ 33–34; Banks Dep. at 42:3–13, 56:16–18.

As it turns out, even after store manager Anderson made the request for pre-salt and snow-removal services and CBRE confirmed that it would do those things, CBRE did not handle that job before Banks and her family finished their grocery shopping. PSOF ¶¶ 7–8, 12–17; Anderson Dep. 18:17–20, 20:18–21:19; R. 43-2, PSOF Exh. H. And it was not until 30 minutes after Banks's fall that a Walmart employee himself (no longer waiting for CBRE) salted the crosswalk. PSOF ¶¶ 26–28; R. 43-4, Valdez-Pillado Dep. at 11:6–10, 11:22–24, 12:1–2.

In 2021, Banks brought this suit against Walmart, alleging that the company failed to properly inspect and maintain the sidewalks outside of its store, and also failed to make safe the slippery crosswalk. Compl. ¶ 5. Banks seeks damages for the

3

physical injuries and mental anguish that she suffered from the fall. *Id.* ¶ 6. Walmart now moves for summary judgment, arguing that Banks fell on a natural accumulation of ice that the store did not have the duty to remove. *See* Def. Mot. Walmart also argues that the record otherwise lacks evidence that an employee assumed the duty to remove the ice and performed the job negligently. *Id.* For the reasons explained in this Opinion, Walmart is correct, and the case must be dismissed.

## II. Legal Standard

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). If this burden is met, the

adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### III. Analysis

Walmart argues that it is entitled to summary judgment because the evidence shows that Banks slipped on a natural accumulation of ice, so it cannot be liable under Illinois state law for any injuries resulting from the slip. Def. Mot. at 2, 5. To establish that Walmart acted negligently in not removing the snow and ice from the crosswalk, Banks must offer evidence showing that Walmart owed her a duty, that it breached that duty, and that she suffered an injury proximately caused by that breach. *Burns v. City of Chicago*, 59 N.E.3d 846, 851 (Ill. App. 2016). To determine whether a duty exists, the Court "must determine whether there is a relationship between the parties requiring that a legal obligation be imposed upon one for the benefit of the other." *Rhodes v. Ill. Cent. Gulf R.R.*, 665 N.E.2d 1260, 1267 (Ill. App. 1996). The question of whether a duty has been breached is generally a factual one, but whether a duty exists at all is a question of law. *Claimsone v. Pro. Prop. Mgmt., LLC*, 956 N.E.2d 1065, 1070 (Ill. App. 2011).

To overcome summary judgment in a typical snow-related slip-and-fall case, the plaintiff must demonstrate a genuine issue of material fact on (1) whether the accumulation of snow or ice was unnatural and (2) whether the defendant had actual or constructive knowledge of the conditions. *Hornacek v. 5th Ave. Prop. Mgmt.*, 959 N.E.2d 173, 182 (Ill. App. 2011). Most pertinent here is the first element: it is well established under Illinois law that "[p]roperty owners have no general duty to remove

5

natural accumulations of snow and ice from their property because it is unrealistic to expect property owners to keep all areas where people may walk clear from ice and snow at all times during" cold weather. *Jordan v. Kroger Co.*, 132 N.E.3d 786, 789 (Ill. App. 2018) (cleaned up).[4]

In the summary judgment briefing, Banks does not contend that the ice that she slipped on was an "unnatural accumulation." *See* R. 43, Pl.'s Resp. Instead, she argues that one of the exceptions to the general natural-accumulation rule applies: specifically, that Walmart's past practice of voluntarily removing snow and ice created an affirmative duty for the store to continue doing so, and Walmart breached that duty when it failed to remove the ice from the crosswalk on October 31, 2019.[5] *See id.*

In particular, Banks argues that "Walmart voluntarily undertook the expected duty to provide safe access in and out of its store … and its failure to discharge that duty, which [she] reasonably relied upon, caused [her] to slip and fall on ice in the pedestrian crosswalk." Pl.'s Resp. at 4. When "a person voluntarily agrees to perform

---

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

[5]There is also another exception to the natural-accumulation rule. If a plaintiff offers evidence that the defendant had a *contractual* duty to the *plaintiff* to remove snow and ice from the premises, then the rule does not necessarily apply. *See Claimsone*, 956 N.E.2d at 1074–76. But Banks does not raise this argument (nor can she because she did not sue CBRE, nor is there any evidence that either Walmart or CBRE entered into a contractual duty to customers), so any argument under this exception is waived. *See, e.g., De v. City of Chicago*, 912 F.Supp.2d 709, 734 (N.D. Ill. 2012).

6

a service necessary for the protection of another person or their property, a duty may be imposed on the party undertaking the service; that party must perform the service in such a manner as not to increase the risk of harm to the other person who relies on the undertaking." *Claimsone*, 956 N.E.2d at 1071 (cleaned up). If the property owner performs that service in a negligent manner, then the owner will be liable for any foreseeable harms to persons who relied on the service. *Id.*

Because Banks argues that Walmart failed to perform a task voluntarily undertaken in the past—in this case, snow removal—this is a case of alleged "nonfeasance," as the Illinois courts like to call failures of *omission. Bourgonje v. Machev*, 841 N.E.2d 96, 107 (Ill. App. 2005). In instances of nonfeasance, plaintiffs must create a triable issue both on whether the defendant's voluntary undertaking gave rise to a duty and on the plaintiffs' reasonable reliance on the defendant's promise. *Id.* The plaintiff's reliance must be both reasonable and justified. Reliance is reasonably placed when it appears that performance has been completed or the plaintiff is prevented from learning that performance has been completed. *Chisolm v. Stephens*, 365 N.E.2d 80, 86 (Ill. App. 1977). And reliance is justified if the plaintiff is "unaware of the actual circumstances and not equally capable of determining such facts." *Id.*

Banks fails to create a triable issue of fact on whether Walmart voluntarily undertook the *duty* to remove snow and ice from the area surrounding the store. In Bank's view, Walmart voluntarily undertook the duty to clear the crosswalk and parking when the store contracted with CBRE to remove snow and ice from the property, submitted a work order in anticipation of inclement weather, and regularly

7

inspected the conditions of the parking lot. Pl.'s Resp. at 4–7. She also implies that she was incapable of learning about the icy conditions of the crosswalk because she slipped on black ice. *See id.* at 8–9. Banks further argues that she reasonably relied on Walmart's undertaking because Walmart had a history of removing the ice in front of the store over the course of the years she shopped there. *See id.* at 7–9.

Banks's argument fails for three reasons. As an initial matter, Illinois courts have held that stores do not voluntarily assume snow-removal duties, and the obligation to protect its customers from the related hazards, simply by contracting with snow-removal companies. *See Jordan*, 132 N.E.3d at 794. This rule appreciates the "unpredictable snowfalls and frequent temperature changes" that are (unfortunately) common in Illinois. *Id.* Holding otherwise would expose stores and the snow-removal services with whom they contract to claims for falls caused by natural accumulations. *See id.* ("In effect, [plaintiff]'s theory of liability would expose the contracting parties to countless claims for falls caused by natural accumulations because the existence of the contract for snow or ice removal coupled with the plaintiff's fall on snow and ice would be sufficient to" overcome summary judgment.).

Second, Walmart did not voluntarily undertake a duty to Banks to remove the snow and ice that accumulated while Banks was shopping. *Jordan*, 132 N.E.3d at 789. It is true that Walmart contacted CBRE in anticipation of the inclement weather. But Banks does not provide any evidence tending to show that Walmart actually undertook the snow-removal process on that evening (either by itself or through CBRE) and that it did so negligently. And though it is true that Walmart

8

salted the ground *after* Banks slipped, PSOF ¶ 28, that does not qualify as voluntarily undertaking a duty before the accident. In any event, any evidence of post-accident remediation is not admissible to prove prior negligence. *Schaffner v. Chicago & North Western Transp. Co.*, 541 N.E.2d 643, 649 (Ill. 1989).

Finally, Banks's own observation of the poor weather conditions defeats her argument on reliance. Banks seems to imply that she was incapable of learning that black ice caused her slip because "the icy conditions were hidden from her." Pl.'s Resp. at 9. But in her deposition, she acknowledged that the ground was wet and that the parking lot was slushy when she left the store. DSOF ¶¶ 18–19; Banks Dep. 57:3–8. In other words, she was capable of determining the conditions on her own, and she could not have reasonably relied on Walmart's past performance on this evening. *See Chisolm*, 365 N.E.2d at 86 ("The reliance placed by plaintiff upon a defendants' performance in the past, without more, is insufficient to impose any duty thereafter.").

Banks did not create a triable issue that Walmart had voluntarily assumed the duty to clear the crosswalk from snow and ice, and even if she had, she did not create a triable issue on reliance. Summary judgment must be granted in Walmart's favor.

## IV. Conclusion

For the reasons explained in this Opinion, Walmart's motion for summary judgment, R. 36, is granted.

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: January 23, 2025